IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MOTORISTS MUTUAL INSURANCE COMPANY,
a foreign corporation,

           Plaintiff,

v.                                       CIVIL ACTION NO. 3:08-1211

BOBBY FRAZIER, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Motions to Dismiss or, in the Alternative, to Stay Further Proceedings, by Defendant Tabatha L. Boone, Administrator of the Estates of Michael Tyler Boone and Jordan Michael Boone (doc. 29), and Defendant Charles L. Hardwick, Administrator of the Estate of Thomas Reno Hardwick, and Defendant Tronnie D. Boone, Administrator of the Estate of John Michael Boone (collectively Administrator Defendants) (doc. 38). The substantive briefings on these motions are identical. For the following reasons, the Court **GRANTS** these motions and Plaintiff Motorists Mutual Insurance Company's declaratory judgment action is **DISMISSED WITHOUT PREJUDICE**.

**I. FACTS**

Plaintiff is a corporation organized and existing under the laws of West Virginia that sells insurance. Its principal place of business is in Ohio, although it also does business in West Virginia and Kentucky. It issued a commercial auto/garage policy (the policy) to Defendant Boyd County Ford, Inc. (Boyd County Ford), a Kentucky automobile dealership situated six miles from the West

Virginia border that advertises and does business in West Virginia. The policy, which was effective from July 1, 2007 to July 1, 2008, provides for $500,000 in bodily injury coverage and $10,000,000 in umbrella coverage.

On April 17, 2008, Defendant Bobby Frazier took a truck from Defendant Boyd County Ford's lot.[1] Administrator Defendants[2] claim that Defendant Boyd County Ford had a policy of leaving the keys in its unlocked automobiles. Defendant Frazier drove the truck into nearby Kenova, West Virginia, where he crossed the center line and struck a vehicle driven by John Michael Boone. Mr. Boone and his three passengers, Michael Tyler Boone, Jordan Michael Boone, and Thomas Reno Hardwick, were killed in the accident. Defendant Frazier was intoxicated by alcohol at the time of the accident. Defendant Tabatha Boone, administrator of the estates of Michael Tyler Boone and Jordan Michael Boone, claims that John Michael Boone was intoxicated by cocaine at the time of the accident.

Two wrongful death actions regarding this matter were filed in Wayne County Circuit Court on Nov. 6, 2008 and Dec. 3, 2008, respectively. Upon receiving a Dec. 9, 2008 letter from Plaintiff denying the accident victims coverage under the policy, the Administrator Defendants amended the state wrongful death actions on Dec. 15, 2008 to include requests for declaratory judgment regarding the rights of the parties as they related to the insurance policy. Despite some initial confusion, the parties now agree that Plaintiff's Petition for Declaratory Judgment, filed with this Court on October

---

[1] Plaintiff alleges Defendant Frazier stole the truck, while the Administrator Defendants contend there is a factual dispute regarding whether Frazier was an implied or express user of the vehicle.

[2] The term "Administrator Defendants" refers only to Defendants who have filed motions to dismiss: Tabatha L. Boone, Charles L. Hardwick, and Tronnie D. Boone.

22, 2008, preceded the filing of either state wrongful death actions. The parties in this federal declaratory judgment action are also parties to the state court actions.

Plaintiff alleges that the first wrongful death action has been stayed pending this Court's resolution of its declaratory judgment petition, and that a stay of the second action is likely. Administrator Defendants dispute both of these assertions, although they acknowledge that the state court judge handling these actions has indicated that the declaratory judgment portions of the state actions will not be addressed until this Court addresses Plaintiff's petition. Administrator Defendants dispute that a stay has formally been requested by any party or entered by the state court. The Court has not been presented with any order from the state court indicating an official stay of either action.

Plaintiff's petition before this Court requests "a declaratory judgment declaring the relative rights, if any, of each and all of the parties to this action as they might relate to [the insurance policy.]" *Plaintiff's Amended Petition for Declaratory Judgment*, at ¶ 21. It states that the Court's ruling on this matter will "avoid a multiplicity of actions and the possibility of inconsistent rulings or results and [] afford complete relief" to the parties as to their rights under the policy. *Id.* Finally, Plaintiff asks the Court to "find that Kentucky Revised Statutes at Section 190.033 is not applicable to the facts and circumstances as set forth herein and that neither the terms of the policy, nor the statute provide any insurance coverage to Bobby Frazier or the victims of his negligence." *Id.* Kentucky Revised Statute § 190.033 requires motor vehicle dealers in Kentucky to have an approved indemnifying bond or insurance policy that provides "public liability and property damage coverage for the operation of any vehicle owned or being offered for sale by the dealer or wholesaler when being operated by the owner or seller, his agents, servants, employees, prospective customers, or

other persons." Plaintiff's declaratory judgment action asks this Court to find that K.R.S. § 190.033, specifically the "other persons" language, was not intended to "afford such protections to a person of the status of Bobby Frazier." *Plaintiff's Amended Petition for Declaratory Judgment*, at ¶ 19.

Administrator Defendants have filed the same declaratory judgment action in Wayne County Circuit Court, asking the state court judge to determine the parties' rights under the insurance policy. Administrator Defendants now bring this motion to ask this Court to dismiss the federal declaratory judgment action so that all the factual and legal controversies surrounding the April 17, 2008 events can be tried together in a single court to avoid piecemeal litigation.

## II. ANALYSIS

This Court has discretionary authority to entertain Plaintiff's declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In *First Fin. Ins. Co. v. Crossroads Lounge, Inc.*, 140 F. Supp. 2d 686 (S.D. W. Va. 2001), this Court discussed the factors, as established in *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937) and *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994), a district court should consider when deciding whether or not to hear a declaratory judgment action. According to the court in *Quarles*, a declaratory judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *See Crossroads Lounge*, 140 F. Supp. 2d at 690-91 (quoting *Quarles*, 92 F.2d at 325). If a judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and will (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, district courts should normally entertain the declaratory judgment action. *Crossroads Lounge*, 140 F. Supp. 2d at 692 (citing *Quarles*, 92 F.2d at 325).

In addition to these factors, the court in *Nautilus* added the following considerations: (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of overlapping issues of fact or law; and (4) whether the declaratory judgment action is being used merely as a device for procedural fencing. *See Nautilus*, 15 F.3d at 377. The existence of a parallel state court proceeding is a significant factor in the district court's determination, but it is not dispositive. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998).

### A. Applying *Quarles*

As noted above, the Fourth Circuit expressed a preference not "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Crossroads Lounge*, 140 F. Supp. 2d at 690-91 (quoting *Quarles*, 92 F.2d at 325). If a judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and will (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, district courts should normally entertain the declaratory judgment action. *Crossroads Lounge*, 140 F. Supp. 2d at 692 (citing *Quarles*, 92 F.2d at 325).

This Court has adopted "a flexible, case-by-case, and party-oriented definition of controversy -- a definition which might not necessarily sweep in every question that arises from the common nucleus of operative facts present in any related state cases." *Crossroads Lounge*, 140 F. Supp. 2d at 692. When the questions presented in the declaratory judgment circumscribe the entire

-5-

controversy between the declaratory plaintiff and defendants, retention of the federal action will normally occur. *Id*.

Here, the direct controversy is whether K.R.S. § 190.033 is applicable in light of events that took place on April 18, 2008. Deciding this question would serve a useful purpose in settling the direct controversy in issue and afford the Plaintiff relief from the uncertainty over whether the insurance policy should cover Defendant Frazier's actions in accordance with K.R.S. § 190.033. However, the Fourth Circuit has made clear that the analysis does not stop here.

### B. Applying *Nautilus*

In *Nautilus*, the Fourth Circuit presented four factors courts should consider when faced with the decision between retaining jurisdiction over a federal declaratory judgement action or abstaining in favor of letting a state court adjudicate the claim. Before analyzing each of the four factors, it is important to note that the currently pending state court actions encompass the same declaratory judgment claim and parties that are subject to the current federal action. These facts weigh heavily on the Court's decision to dismiss Plaintiff's federal action.

### 1. West Virginia's Interest

The first factor of concern is the state's interest in deciding the issues raised. *Nautilus*, 15 F.3d at 377. Clearly, Kentucky law governs whether the "other persons" language in K.R.S. § 190.033 applies to Defendant Frazier. This is a novel issue that has not been yet been decided in a published opinion. West Virginia cannot be said to have a considerable interest in applying its laws

when no West Virginia laws are at issue. As such, this factor does not weigh in the favor of dismissing the action.[3]

## 2. Efficiency

Next, district courts are to consider whether the questions in the controversy between the parties in the federal suit could be better settled in the pending proceedings in state court. *Crossroads Lounge,* 140 F. Supp. 2d at 696. This requires inquiry into "'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amendable to process in that proceeding.'" *Id.* (quoting *Nautilus*, 15 F.3d at 378-79).

Here, the facts are clear. All parties and controversies at issue in this case are also situated under the jurisdictional of the Wayne County Circuit Court.[4] The federal declaratory judgment action and the state declaratory judgment action mirror each other. The state court is also familiar with the legal and factual issues related to the underlying claims. This tilts in the favor of dismissing

---

[3] West Virginia does have some recognizable interest in this issue, however, as the underlying accident happened in West Virginia, and the vehicle, which struck and killed West Virginia residents, was owned by Boyd County Ford, a company that solicits business from and advertises in West Virginia. Additionally, West Virginia courts conceivably have an interest in a Kentucky motor vehicle statute aimed at protecting the public, as the two states share a border of over 100 miles. However, these interests are not enough to tilt the state-interest factor in the state's favor.

[4] While Plaintiff filed the federal declaratory judgment action first, on Oct. 22, 2008, a court's inquiry does not stop at the date on a time-stamp. *See Crossroads Lounge,* 140 F. Supp. 2d at 691 n.4 ("The Fourth Circuit has made clear that the order of filing the federal and state suit is not dispositive, but merely another ingredient in the mix."). In fact, documents presented by the Administrator Defendants indicate that Plaintiff did not issue an official determination on the coverage issue until Dec. 9, 2008. Thus, a declaratory judgment action by the Administrator Defendants likely would have been premature if it had been included in the original Nov. 6, 2008 and Dec. 3, 2008 state court complaints. This neutralizes any favor that might have been given to a first-to-file argument.

the action, as the Wayne County Circuit Court is already in a jurisdictional position to decide the declaratory judgment issue. As the Fourth Circuit stated in *Mitcheson v. Harris*, "[w]hile inefficiencies can of course occur within a single court system, the prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof." 955 F.2d 235, 239 (4th Cir. 1992).

Moreover, woven into the apparent issue regarding the applicability of K.R.S. § 190.033 are factual disputes regarding how Defendant Frazier was able to get control of Boyd County Ford's vehicle. Before deciding whether Defendant Frazier is an "other persons" under K.R.S. § 190.033, the Court must first undertake factual determinations that might prove critical in analyzing the text of K.R.S. § 190.033 and its purpose, which is to "protect members of the public." *State Farm Mut. Auto. Ins. Co. v. Register*, 583 S.W.2d 705, 706 (Ky. App. 1979). These factual determinations are at the heart of Administrator Defendants' state court actions of negligence against Boyd County Ford. To retain jurisdiction over the federal declaratory judgment action would lead to a determination of factual issues that need to be decided in the state court negligence claims. This would result in piecemeal litigation. Efficiency would strongly dictate that these issues be tried together.[5]

### 3. Overlapping Issues of Fact or Law and Unnecessary Entanglement

Overlapping issues of fact or law between federal and state actions can occur when a plaintiff brings a declaratory action. *Mitcheson*, 955 F.2d at 239. The concern behind this factor is "issue

---

[5] Furthermore, a declaration by this Court that K.R.S. § 190.033 does not extend to Defendant Frazier's actions would not extinguish the possibility that Plaintiff might be on the financial hook for Administrator Defendants' claim that Boyd County Ford was allegedly negligent.

preclusion that will likely 'frustrate the orderly progress' of state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution." *Id.*

It is possible that factual issues will arise during the examination of the applicability of K.R.S. § 190.033. Currently, the parties dispute Defendant Frazier's status as the operator of Boyd County Ford's vehicle. Was he a thief or was he an implied or express user of the vehicle?[6] Does the fact dealership keys were found in the vehicle after the wreck require a factual determination regarding whether Boyd County Ford was negligent for leaving keys in vehicles? And did the Kentucky Legislature contemplate that motor vehicle dealerships might leave the keys in vehicles when including the phrase "other persons" in K.R.S. § 190.033?

These are critical inquiries that not only implicate the interpretation of K.R.S. § 190.033, but also create a factual inquiry that overlaps with Administrator Defendants' state court negligence claims against Defendant Boyd County Ford. Handling these matters under one jurisdictional roof is not only more efficient, but it also avoids the possibility of unnecessarily entangling the issues of fact and law, while steering clear of potential issue preclusion.

---

[6] Administrator Defendants dispute that Defendant Frazier is a thief, however, the evidence does not appear to be fully developed at this point. Administrator Defendants have presented a police report, in which Boyd County Ford reported the vehicle driven by Frazier stolen after learning of the accident. The report states that a Boyd County Ford employee told "Mr. Conley [of Boyd County Ford] over the phone that he saw the missing Ford pickup being driven off of the lot by a male wearing a baseball cap. He said he though it was an employee of the business and didn't believe the truck was being stolen." *Exhibit D, Defendant Tabitha L. Boone's Motion to Dismiss*. The Administrator Defendants also allege Boyd County Ford had a policy of leaving keys inside of its unlocked vehicles.

### 4. Procedural Fencing

The final *Nautilus* factor to be considered is "whether the declaratory judgment action is being used merely as a device for 'procedural fencing -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" *Ind-Com Elec.*, 139 F.3d at 423 (quoting *Nautilus*, 15 F.3d at 377). Here, Plaintiff argues its federal action was filed nearly two months before the Administrator Defendants added declaratory judgment actions to their state claims, therefore, there is no procedural fencing argument.[7] However, the Court disagrees. Plaintiff filed the current declaratory judgment action in this federal court on Oct. 22, 2008, a month and a half before the Administrator Defendants received the Dec. 9, 2008 letter informing them that "our insured is not liable for your clients' damages and injuries."[8] *Exhibit E, Defendant Tabitha L. Boone's Motion to Dismiss*. Neither of the state court claims could have been originally brought in or removed to federal court because the state court parties lack complete diversity and the issues do not present a federal question. Thus, filing a declaratory judgment action in this Court before the Administrator Defendants received the Dec. 9 denial of coverage letter was the only way for the Plaintiff to get the insurance coverage issue in front of a federal court before it was also presented to a state court.

---

[7] The first filed argument is of little weight to the Court, as all parties filed their suits within a relatively short time after the April of 2008 collision, which resulted in four deaths.

[8] While the Plaintiff maintained on Oct. 22, 2008 in its Petition for Declaratory Judgment that the "protections afforded or the directions set forth in Kentucky Revised Statutes section 190.033 do not in any way inure to the benefit of Bobby Frazier or any person of his status," the Administrator Defendants were not officially informed the insurance claim was denied until receiving the Dec. 9, 2008 letter from the Plaintiff.

While there is no direct evidence of intentional forum shopping, this factor does not tilt in the favor of retaining jurisdiction in light of evidence that Plaintiff took steps to defend its denial of coverage a month and a half before officially denying coverage. Although this factor does not weigh heavily on the Court's determination, the hint of forum shopping bears noting.

After carefully considering the *Nautilus* factors above, the Court finds it appropriate to defer jurisdiction. Allowing this case to proceed only in state court would eliminate the possibility of unnecessary overlap, entanglement and inefficiency.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the Administrator Defendants' Motions to Dismiss Plaintiff's federal declaratory judgment action (docs. 29, 38).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     May 11, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE